[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 6257
The above-captioned case comes before the court on a post-verdict request by the defendant that the jury verdict be reduced by certain amounts claimed to constitute payments received by the plaintiff from collateral sources, specifically, payments made by a medical plan.
The plaintiff takes the position that no reduction is due for one of two reasons: either the medical payments are subject to a right of subrogation in favor of the plan furnishing them or the cost of procurement of the coverage exceeds the payments at issue.
A short summary of the operative facts is necessary. Based on the facts presented at trial, the jury could reasonably have concluded that the plaintiff, Maria Mancini, fell and injured her left ankle by reason of a defect in the design and configuration of the walkway leading from the defendant's payment office to the customer parking lot.
The jury found that the plaintiff had suffered economic losses in the amount of $9,811.00 and noneconomic losses in the amount of $25,000.00. The plaintiff had presented medical bills in the former amount. The jury also found that the plaintiff's own negligence contributed to the extent of thirty-five percent to her fall and injuries, and it therefore awarded total damages in the amount of $22,627.15, an amount that represents sixty-five percent of the total of the economic and noneconomic losses found.
The plaintiff concedes that she received $4,475.25 from Constitution Health Care in payment of some of her economic expenses. The terms of the coverage plan which resulted in her receipt of payments were not introduced in evidence by either party.
General Statutes § 52-225a(a) provides that
 [i]n any civil action, whether in tort or contract, wherein the claimant seeks to recover damages resulting from . . . personal injury or wrongful death occurring after October 1, 1987 . . . wherein liability CT Page 6258 is . . . determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages . . . by an amount equal to the total of amounts determined to have been paid under subsection (b) of this section [collateral source payments] less the total of amounts determined to have been paid under subsection (c) [amount paid to secure collateral benefits] of this section, except that there shall be no reduction for
 1) a collateral source for which a right of subrogation exists and;
 2) that amount of collateral sources equal to the reduction in the claimant's economic damages attributable to his [sic] percentage of negligence pursuant to § 52-572h.
Pursuant to the exception stated in subsection (2) of § 52-225a(a), only sixty-five percent of the $4,475.25 would be subject to being subtracted from the amount of the award that represents economic damages, reflecting an apparent determination by the General Assembly that if only a portion of full damages is recovered, only the corresponding portion of collateral source payments should be deducted. Accordingly, since the plaintiff was found to have been thirty five percent at fault, sixty-five percent of the payments, or $2,908.91, should be deducted unless some other exception set forth in § 52-225a also applies.
The plaintiff has submitted a summary, to which the defendant has made no objection, to the effect that her husband made payments to secure the coverage which resulted in the payments by Constitution Health Care on her behalf. The plaintiff has represented, likewise in a form to which the defendant has not objected, that her husband paid premiums as follows:
 1989 (last four months) $1,261.88 1990 4,561.92 1991 5,011.20 1992 (Jan. through July) 3.162.25 ---------- Total $13,997.25 CT Page 6259
The plaintiff has represented, in a manner not objected to by the defendant, that these premiums secured coverage not only for her but also for her husband and two other family members. She therefore calculates that one-fourth of the total expenditures, that is $3,499.31, is the "amount which has been paid, contributed, or forfeited, as of the date the court enters judgment, by . . . the claimant or members of [her] immediate family to secure [her] right to any collateral source benefit which [she] has received as a result of such injury. . ." pursuant to § 52-225a(c).
The defendant asserts that because the plaintiff did not incur any medical bills arising from the claim at issue during a portion of the period from 1989 to 1992, the premiums paid for those medically inactive months cannot be characterized as having "secured [her] right to any collateral source benefit which she has received as a result of such injury."
The defendant's construction of the statute is not reasonable. On its face, the statute does not confine the offset of costs against benefits to those months in which benefits were in fact received. The defendant has not demonstrated that the medical coverage at issue was available in one-month coverage increments or that a plan member could opt out for a period and then re-enroll to obtain coverage for additional treatment for an injury arising before the date of reinstatement.
Absent a showing that the plaintiff did not have to maintain coverage between treatments in order to be covered for later treatments, the court concludes that the annual premiums for medical coverage for the years in which the collateral source payments were received by the claimant constitutes the amounts paid under subsection (c) of General Statutes § 52-225a to secure her right to medical benefits over the period she received them for the injury at issue.
It is the very nature of insurance and other benefit programs that enrollment prior to a covered claim gives rise to the entitlement to receive benefits. Accordingly, amounts paid to maintain coverage over a period of time can be fairly paid to have been paid "to secure [the claimant's] right to any collateral source benefit which [she] has received as a result of such injury" within the meaning of subsection (c) of § 52-225a. CT Page 6260
It is an axiom of statutory construction that legislative intent as to the meaning or scope of a statute is to be determined by an analysis of the language actually used in the legislation. Vaillancourt v. New Britain Machine/Litton,224 Conn. 382, 391 (1993); Caltabiano v. Planning ZoningCommission, 211 Conn. 662, 666 (1989). Courts may not substitute their own ideas of what might have been a wise provision by engrafting exceptions or exemptions in place of what the legislature actually enacted. Barrett Builders v. Miller,215 Conn. 316, 328 (1990).
General Statutes § 52-225a(c) does not provide that the plaintiff may offset only the cost of coverage for the months in which benefits were paid. Adhering to the principles explained above, this court will not accept the defendant's urging to engraft such a limitation where none is stated.
Though the defendant has submitted a ruling by another trial judge mentioning months in which premiums were paid and benefits were received, that ruling, Rivera v. Ky, 1993 WL 394356 (9/27/93), contains no analysis of any statutory reason to use such an approach, and the court in that case found, at any rate, that premiums exceeded collateral source payments, such that the method of calculation did not affect the outcome.
According to the analysis which this court finds to be required by the statute, it cost the plaintiff's husband $3,499.31 to secure the $2,908.91 of collateral source benefits at issue after reduction of the proportion corresponding to the plaintiff's percentage of negligence. Since more was paid by a member of the plaintiff's family to secure benefits than the amount of benefits subject to reduction, pursuant to § 52-225a
this court denies the request for a reduction of the verdict.
All other post trial motions having been denied, judgment shall enter in favor of the plaintiff in the full amount of the verdict. The plaintiff shall recover her court costs.
Beverly J. Hodgson Judge of the Superior Court CT Page 6261