## TERESA CARUSO *v.* QUICKIE CAB
## COMPANY, INC., ET AL.
### (AC 17294)

O'Connell, C. J., and Spear and Hennessy, Js.

Submitted on briefs March 5—officially released April 14, 1998

*William J. Curran* filed a brief for the appellant (plaintiff).

*David M. Tilles* filed a brief for the appellees (defendants).

*Opinion*

O'CONNELL, C. J. The plaintiff appeals following the trial court's denial of her motion to set aside the verdict on the ground of inadequacy or, in the alternative, for an additur. See Practice Book § 320, now Practice Book

(1998 Rev.) § 16-35.[1] Prior to jury deliberations, both counsel had stipulated to a general verdict, thereby avoiding the need for the jury to award separate amounts for economic and noneconomic damages. The jury returned a $15,000 plaintiff's verdict.

This action arose out of an incident in which the plaintiff was entering a taxicab owned by the defendant cab company when the cab driver[2] started to drive away before the plaintiff was entirely inside, dragging her a short distance. The plaintiff complained of pain in her low back and right shoulder and was treated at a hospital emergency room the same day.

We review a trial court's refusal to set aside a verdict, as well as denial of a motion for additur under an abuse of discretion standard. *Childs* v. *Bainer*, 235 Conn. 107, 113, 663 A.2d 398 (1995). We determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict. Id.

The plaintiff claimed medical bills in the amount of $14,582.45, a 10 percent permanent disability of the low back and a 5 percent permanent disability of each wrist. On appeal, the plaintiff argues that the $15,000 verdict in her favor is inadequate because it is only nominally greater than her claimed medical bills and, therefore, does not properly redress her claimed damages for pain and suffering and permanent disability.

The plaintiff's argument has no merit. Where there is a general verdict and no interrogatories to the jury

---

[1] Practice Book § 320, now Practice Book (1998 Rev.) § 16-35, provides in relevant part: "[M]otions to set aside a verdict, motions for remittitur, motions for additur . . . unless brought by petition served on the adverse party or parties . . . must be filed with the clerk within ten days after the day the verdict is accepted; provided that for good cause the judicial authority may extend this time. The clerk shall notify the trial judge of such filing. Such motions shall state the specific grounds upon which counsel relies."

[2] The administrator of the cab driver's estate is also a defendant in this action.

regarding the breakdown of the verdict,[3] it is "impossible for the trial court or this court to determine what factors the jury considered in making its award. . . . Where there is a general verdict and no breakdown of the components of the verdict, it would be error to set it aside." *Marchetti* v. *Ramirez*, 40 Conn. App. 740, 746, 673 A.2d 567 (1996), aff'd, 240 Conn. 49, 688 A.2d 1325 (1997). Because a general verdict was rendered in the present case, there is no way to determine from the verdict whether the jury awarded compensation for all of the plaintiff's claimed medical bills. Additionally, significant aspects of the plaintiff's evidence regarding her medical bills were disputed at trial by the defendants.

The defendants did not call any witnesses on their behalf but presented their case through cross-examination of the plaintiff's witnesses. For example, the plaintiff admitted on cross-examination that she had been advised to lose weight to help her back problem. There was also evidence that at least one of the physicians who treated the plaintiff reported that her back pain was exacerbated by her excessive weight. The plaintiff further admitted that she had fallen on ice and fractured her ankle in January, 1996, resulting in her confinement for four weeks. We do not know what effect, if any, that evidence had on the jury's determination of its award. Finally, a substantial portion of the plaintiff's claimed medical bills, approximately $2400, was attributable to carpal tunnel surgery on both wrists. That surgery took place about seventeen months after the cab incident. At trial, the defendants disputed liability for the $2400 bill by vigorously attacking any causal connection between the plaintiff's carpal tunnel syndrome and the cab incident.

The plaintiff's appeal rests on the assumption that the jury awarded her the full amount of her claimed

---

[3] The sole interrogatory in this case was concerned with contributory negligence and is irrelevant to this appeal.

medical bills and only a nominal amount for her claimed pain and suffering and permanent disability. That assumption is unfounded because we cannot know how or why the jury arrived at its determination of damages. We cannot speculate as to how the jury reached its figure. *Malmberg* v. *Lopez*, 208 Conn. 675, 683, 546 A.2d 264 (1988).

"The ultimate test is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the [jurors] were influenced by partiality, prejudice, mistake or corruption." *Marin* v. *Silva*, 156 Conn. 321, 323, 240 A.2d 909 (1968); see *Childs* v. *Bainer*, supra, 235 Conn. 114. The plaintiff has failed to show that this verdict was outside the limits of just damages or that it shocks the sense of justice. The trial court did not abuse its discretion in denying the plaintiff's motion to set aside the verdict or, in the alternative, for an additur.

The judgment is affirmed.

In this opinion the other judges concurred.