[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The above matter was tried before a jury which returned a verdict for the plaintiff in the amount of $4,528.54 for economic damages and $13,971.46 for noneconomic damages. CT Page 5622
The only issue remaining with the court is the determination of collateral source reduction.
The plaintiff claims the following offsets to the collateral source reduction asserted by the defendant:
a. medical insurance premiums paid by the plaintiff in the amount of $2,113.36; and
b. contributions made by the employer in the amount of $2,879.28.
The defendant claims that the defendant should be entitled to a collateral source reduction in the amount of $4,144.37. Simply stated, the defendant claims that the only year which should be addressed by the court is 1996, wherein the plaintiff received benefits of $4,528.54 the exact amount awarded to the plaintiff as economic damages. He further asserts that this should be reduced by the insurance paid by the plaintiff in 1996 in the amount of $384.17. The collateral source reduction, therefore, should be $4,144.37.
The defendant argues that the court must draw the inference and logical conclusion that the jury did not intend to give the plaintiff any economic damages other than those incurred in 1996 since the award was to the penny equal to the medical expenses incurred in 1996.
The defendant contends that since the award was only for 1996, the court should not consider any offsets for any subsequent years.
Further, the defendant contends that the plaintiff is not entitled to any credit for any amount paid by plaintiff's employer for plaintiff's medical coverage in 1996.
Practice Book §§ 16-35 and 16-36 (formerly §§ 320, 320A) allow a party to file a motion for collateral source reduction. "General Statutes §§ 52-225a through 52-225c provide that when a trier of fact makes an award of damages to compensate a claimant, the economic damages shall be reduced by an amount equal to the total amount of collateral sources paid to the claimant less the total amount paid to secure his right to anycollateral source benefit that he received. . . . [The plaintiff is entitled to a credit for premiums paid to secure his right to CT Page 5623 collateral source benefits starting with the initial date of the insurance policy period during which the injury occurred." (Citations omitted; emphasis added.) Brennan v. Burger KingCorp. , 46 Conn. App. 76, 82-83, 698 A.2d 364, aff'd,244 Conn. 204, 707 A.2d 30 (1998). Therefore, "the annual premiums for medical coverage for the years in which the collateral source payments were received by the claimant constitutes the amounts paid under subsection (c) of General Statutes § 52-225a to secure her right to medical benefits over the period she received them for the injury at issue." Mancini v. Ansonia Derby WaterCo., Superior Court, judicial district of New Haven, Docket No. 300095 (June 29, 1995, Hodgson, J.) (14 Conn. L. Rptr. 433). "On its face, [General Statutes § 52-225a] does not confine the [plaintiff's] offset of costs against benefits to those months in which benefits were in fact received." Id.
Practice Book § 16-18 (formerly § 312) allows the judicial authority, upon request of either party, to submit interrogatories to the jury for the purpose of explaining or limiting a general verdict. "Where there is a general verdict and no interrogatories to the jury regarding the breakdown of the verdict, it is impossible for the trial court or [the Appellate Court] to determine what factors the jury considered in making its award." Caruso v. Quickie Cab Co., 48 Conn. App. 459, 460-61,709 A.2d 1154 (1998). When a jury renders a general verdict, "there is no way to determine from the verdict whether the jury awarded compensation for all of the plaintiff's claimed medical bills." Id. In assuming that a jury awarded the plaintiff the full amount of her medical bills, "[that assumption is unfounded because we cannot know how or why the jury arrived at its determination of damages. We cannot speculate as to how the juryreached its figure." (Emphasis added.) Id., 462. "We cannot . . . separate the general verdict into [distinct] monetary parts."Lutynski v. BB J Trucking, Inc., 31 Conn. App. 806, 812,628 A.2d 1 (1993).
Because this court is not permitted to apportion the jury's general verdict awarding economic damages, we are unable to determine whether, in fact, the jury chose not to award economic damages for the years 1997 and 1998. Since we lack this important information, we must assume that the jury's general verdict awarded economic damages for the relief claimed in his complaint for the years 1996, 1997 and 1998. The defendant is entitled to a collateral source reduction for all of the benefits the plaintiff received from 1996 through and including 1998. The plaintiff, CT Page 5624 however, may offset that reduction by the amount of costs incurred during 1996, 1997 and 1998 to secure those benefits received.
The court grants the collateral source reduction and offsets that amount by the plaintiff's expenditures on premiums during the years 1996, 1997 and 1998 to secure his benefits.
Mihalakos, J.