[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: MOTION IN ARREST OF JUDGMENT REGARDING DETERMINATION OF COLLATERAL SOURCE REDUCTION
Following the jury trial of this action, the executor of the estate of the deceased defendant. Alex C. Kramer,[1] pursuant to Practice Book § 16-35,[2] filed on August 14, 2000 a timely[3] motion in arrest of judgment pending determination of collateral sources in accordance with General Statutes § 52-225a. The plaintiff, Gene S. Jones, on August 18, 2000, filed an objection to the defendant's motion. On October 17, 2000, this court heard argument on the motion in arrest of judgment and received evidence as to the amount of collateral source payments the plaintiff received.
The relevant procedural history is as follows: On June 11, 1997, the plaintiff filed suit against the defendant for bodily injuries and damages allegedly sustained as a result of the defendant's negligent operation of a motor vehicle. A jury trial was held before this court where the plaintiff claimed economic damages in excess of $30,000 in medical expenses and $10,000 in lost wages. On August 10, 2000, the jury returned a plaintiff's verdict and found that the plaintiff sustained $15,000 in economic damages and $35,000 in non-economic damages for a total damages award of $50,000. Now, pursuant to General Statutes § 52-225a, the defendant is moving to reduce the economic damages award by the amount of collateral source payments the plaintiff received. The plaintiff objects to the collateral source reduction and seeks costs in the amount of $4,361.21.
General Statutes § 52-225a (a) provides in relevant part: "In anycivil action, whether in tort or in contract, wherein the claimant seeksto recover damages resulting from (1) personal injury or wrongful death occurring on or after October 1, 1987 . . . and wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such awardCT Page 2333which represents economic damages,[4] as defined in subdivision (1) of subsection (a) of section 52-572h by an amount equal to the total ofamounts determined to have been paid under subsection (b) of thissection. . . ." (Emphasis added.) Subsection (b) of General Statutes § 52-225 a provides that "[u]pon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence[5] from the claimant and other appropriate persons concerning the total amount of collateralsources which have been paid for the benefit of the claimant as of the date the court enters judgment." (Emphasis added.) "For purposes of sections 52-225a to 52-225c, inclusive: `Collateral sources' means any payments made to the claimant, or on his behalf, by or pursuant to: (1) Any . . . automobile accident insurance that provides health benefits, and any other similar insurance benefits available to the claimant, whether purchased by him or provided by others; or (2) any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the costs of hospital, medical, dental or other health care services. `Collateral sources' do not include amounts received by a claimant as a settlement." General Statutes § 52-225b.
In the present case, the defendant is seeking a $12,000 collateral source reduction, which is the amount of monies paid by State Farm Insurance Company, pursuant to a policy of no-fault insurance, to defray the cost of certain medical bills the plaintiff claimed at trial. The plaintiff argues that a collateral source reduction would be unfair because there was no determination that the jury's $15,000 economic damages award included the specific medical bills paid by State Farm, but may have been based upon the plaintiff's lost wage claim or other medial bills that were submitted to the jury but not paid by State Farm or any other collateral source. The plaintiff asserts that there is no definitive case law addressing collateral source reduction when the jury finds economic damages substantially less than those claimed and that General Statutes § 52-225 a provides no guidance in that situation. The plaintiff also argues that the defendant bears the burden of proving collateral source reductions and, therefore, should have submitted interrogatories to the jury to determine what medical expenses and lost wages the jury considered in rendering its award. The plaintiff asserts that the general verdict theory should apply by analogy to preclude reduction because the defendant did not file interrogatories with the jury to explain the general verdict. The plaintiff contends that if the basis of General Statutes § 52-225a is to prevent the plaintiff from collecting twice, then, conversely, it seems logical that the plaintiff should not have to pay twice and, thus, the statute should also be interpreted to prevent double payment by the plaintiff. The plaintiff points out that if the court were to award the requested $12,000 CT Page 2334 collateral source reduction, then the defendant would get a credit in a situation where the plaintiff paid twice that amount in medical bills.
In response to the plaintiff's foregoing arguments, the defendant contends that the plaintiff is attempting to rewrite General Statutes § 52-225a because no where in the statute is it stated that the party seeking the collateral source reduction bears the burden of proving which claimed medical bills and lost wages the jury considered when it awarded economic damages. The defendant cites to Ciapetta v. Andricovich, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 048590 (November 17, 1998, Flynn, J.), where the court, upon ordering a collateral source reduction against a general verdict, stated that "[s]ince there is no way to determine which provider's bills were not awarded to the plaintiff by way of economic damages, full credit must be given to the defendant in the amount of [the stipulated medical bills paid by the collateral source.]" The defendant relies on Ciapetta v.Andricovich, supra, Docket No. 048590 for the proposition that collateral source reductions apply to all economic damages awards where the jury does not specify what claimed medical bills and lost wages it considered in rendering its award.
In rebuttal to the defendant's foregoing arguments, the plaintiff contends that if the court were to order the $12,000 collateral source reduction without knowing which claimed medical bills and lost wages the jury considered, then the plaintiff would only get $3,000 to cover his $16,008.61 in out-of-pocket medical expenses.[6] The plaintiff attempts to distinguish this case from Ciapetta v. Andricovich, supra, Docket No. 048590, by pointing out that it is unknown whether the plaintiff in that case incurred any out-of-pocket medical expenses, like the plaintiff in this case.
With respect to the plaintiff's argument that the general verdict rule[7] should apply by analogy to preclude a collateral source reduction, this court finds that application of the general verdict rule would be misplaced in a case like this because specific statutes and rules of practice govern the procedures for seeking collateral source reductions and for submitting interrogatories to juries for the purpose of limiting or explaining general verdicts. Practice Book § 16-18
permits either party to request that the "judicial authority . . . submit to the jury written interrogatories for the purpose of explaining or limiting a general verdict, which shall be answered and delivered to the clerk as a part of the verdict. . . ." Practice Book § 16-22 provides that "[w]ritten requests to charge the jury and written requests for jury interrogatories must be filed with the clerk before the beginning of arguments or at such an earlier time as the judicial authority directs. CT Page 2335 . . ." "The jury . . . shall specify: (1) The amount of economic damages; (2) the amount of noneconomic damages; (3) any findings of fact necessary for the court to specify recoverable economic damages and recoverable noneconomic damages. . . ." General Statutes § 52-572h(f). "Where there is a general verdict and no interrogatories to the jury regarding the breakdown of the verdict, it is impossible for the trial court . . . to determine what factors the jury considered in making its award." (Internal quotation marks omitted.) Caruso v. Quickie Cab Co.,48 Conn. App. 459, 460-61, 709 A.2d 1154 (1998). "Because a general verdict was rendered in the present case, there is no way to determine from the verdict whether the jury awarded compensation for all of the plaintiff's claimed medical bills." Id., 461. In Hertz v. Nicotra, Superior Court, judicial district of New London at Norwich, Docket No. 114764 (May 24, 1999, Mihalakos, J.) (24 Conn.L.Rptr. 594), the court refuted the defendant's argument that a collateral source reduction should only be offset by medical insurance premiums paid by the plaintiff in a certain year because the jury's award of damages was equal to the medical expenses claimed for that year. Rather, that court ordered a collateral source reduction and offset for all the years claimed in the complaint, reasoning that it was not permitted to apportion the jury's general verdict awarding economic damages and that it was not able to determine what the jury chose to award economic damages for and, therefore, must assume the jury's verdict was for all the years in which relief was claimed. Id., 594.
In the present case, the plaintiff did not submit interrogatories to the jury for the purpose of explaining or limiting the general verdict. The statutory scheme governing collateral source credits does not place the burden of proving which claimed damages the jury considered when rendering a verdict on the person seeking the reduction. Rather, under the statutory scheme the trial court receives evidence on collateral source payments after the verdict and before entering the final judgment. Jones v. Parzych, 37 Conn. App. 784, 787, 657 A.2d 721 (1995). The foregoing construction of General Statutes § 52-225a is also supported by reading the statute conjointly with the rules of practice cited above that specifically govern the submission of interrogatories for explaining general verdicts.
Based on the foregoing, this court finds that the defendant is entitled to a collateral source reduction of $12,000 and enters judgment for the plaintiff in the amount of $38,000 plus costs in the amount of $4,361.21, for a total judgment of $42,361.21.
STODOLINK, J.T.R. CT Page 2336