STATE OF CONNECTICUT *v.* ELWYN McKINSTRY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 7-9741

Argued April 8—decided June 18, 1963

*John Papandrea,* of Meriden, for the appellant (defendant).

*Edward B. Fitzgerald,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant was tried to the court and convicted of failure to grant the right of way at an intersection in violation of § 14-245 of the General Statutes. In his appeal, he has assigned error in the conclusion of the court that upon all the evidence he was guilty beyond a reasonable doubt.

No finding was necessary, and no finding was made. Cir. Ct. Rule 7.31.1. On the morning of January 11, 1963, sometime prior to 8 o'clock, an accident occurred, at the intersection of State Street extension and Lake Street in the city of Meriden, in which two automobiles were involved. One of these vehicles was being operated by the defendant and the other by Frank Cybulski. State Street extension runs generally north and south and is ap-

proximately thirty-five feet wide in this area. Lake Street runs in a general east and west direction. It does not continue westerly beyond the intersection. There are no traffic controls at this intersection. At the time in question, the defendant was approaching the intersection and traveling northerly on State Street some twenty to thirty feet in the rear of an unidentified automobile proceeding in the same direction. The automobile operated by Cybulski was traveling westerly on Lake Street as it approached the intersection, and it entered the intersection at a speed of five miles per hour and passed in front of the unidentified car and then collided with the defendant's automobile. As the defendant approached the intersection, the unidentified car ahead of him came to a stop at the corner, and the defendant, who was traveling at between ten and fifteen miles per hour, slowed down, pulled out and passed the unidentified car. As the defendant entered the intersection, the collision occurred with the Cybulski car.

Section 14-245 provides: "Each driver of a vehicle approaching an intersection shall grant the right of way at such intersection to any vehicle approaching from his right when such vehicles are arriving at such intersection at approximately the same time, unless otherwise directed by a traffic officer." It is not disputed that the Cybulski car was approaching the intersection from the defendant's right. The basic contention of the defendant is that he had the right of way because, first, the state failed to prove that the vehicles arrived at the intersection at approximately the same time, and second, Cybulski failed to exercise ordinary care in that he did not see the defendant's car until it struck him and, further, in that he failed to stop before entering the intersection. We consider first whether there was credible evidence from which the

court could reasonably conclude that the vehicles arrived at the intersection at approximately the same time. The defendant testified that the unidentified vehicle he was following stopped some three to four feet from the intersection and that he then "pulled out" to pass the unidentified vehicle. On cross-examination, the defendant was asked: "So you did pull out?" Answer: "Yes." Question: "What happened then?" Answer: "I was just about passed, spotted the car coming, tried to get into the open lot, otherwise it might have been head on." Furthermore, a diagram was drawn on a blackboard describing the intersection and was referred to in connection with the collision; it may have been of some assistance to the court but it was not laid in evidence. From this evidence and other supporting evidence, the court was amply justified in concluding that the defendant's vehicle had arrived at the intersection at approximately the same time as the vehicle being operated by Cybulski. In fact, we hardly see how the court, on such convincing evidence, could have arrived at any different conclusion.

The defendant's second contention relates to the operational conduct of Cybulski and amounts to a claim of contributory negligence. The rule of law concerning contributory negligence as a defense in a civil action has no application in a criminal case. *State* v. *Campbell*, 82 Conn. 671, 675; 15 Am. Jur., Criminal Law, § 319.

We are satisfied that, on all the evidence, the court was not in error in concluding that guilt had been proven beyond a reasonable doubt.

There is no error.

In this opinion KINMONTH and LEVINE, Js., concurred.