STATE OF CONNECTICUT *v.* THOMAS M. SMITH
(AC 15416)

Dupont, C. J., and Spear and Freedman, Js.

Argued June 9—officially released August 19, 1997

*James L. Walker, Jr.*, with whom, on the brief, were *Frank F. Coulom, Jr.*, and *Sean Johnston*, for the appellant (defendant).

*Susann E. Gill*, assistant state's attorney, with whom, on the brief, were *Donald A. Browne*, state's attorney, and *Gerard P. Eisenman*, assistant state's attorney, for the appellee (state).

*Opinion*

SPEAR, J. The defendant, Thomas M. Smith, appeals from the judgment of conviction, rendered after a jury trial, of possession of narcotics with the intent to sell in violation of General Statutes § 21a-277.[1] He claims

---

[1] General Statutes § 21a-277 (a) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense . . . any controlled substance . . . for a first offense, shall be imprisoned not more than fifteen years . . . and for a second offense shall be imprisoned not more than thirty years . . . and for each subsequent offense, shall be imprisoned not more than thirty years . . . ."

that (1) there was insufficient evidence of intent to sell to sustain the guilty verdict, and (2) the trial court improperly denied his motion to suppress evidence. We affirm the judgment of conviction.

On the basis of on the evidence adduced at trial, the jury reasonably could have found the following facts. On July 7, 1994, Detective Derwyn Hill of the Bridgeport police department received an anonymous telephone tip that drugs were located in the backyard of 34 Sixth Street in Bridgeport. Detective Richard DeRiso and Sergeant Joseph Convertito arrived on the scene first, and went to the rear of the house to investigate. Subsequently, Hill and Detective Nicholas Meriano arrived on the scene and approached the front of the house. As the detectives walked onto the front porch of the house, they saw the defendant and another man standing inside the open doorway of a common hallway area. Both detectives could see down the entire length of the hallway, which was approximately fifteen feet.

When the defendant observed the detectives approaching him, police badges exposed, he threw a black purse, which he held in one hand, behind him onto the hallway floor. One of the detectives picked up the black purse and found pink vials inside. On the basis of his training and experience, he believed them to contain crack cocaine. While being handcuffed, the defendant dropped $65, which the detectives retrieved from the ground. The seventy-three vials from the purse were later determined by laboratory analysis to contain crack cocaine.

After the trial court denied his motion to suppress the cocaine and the $65, the defendant was convicted of possession of narcotics with intent to sell. This appeal followed.

## I

The defendant first claims that the state failed to prove beyond a reasonable doubt the element of intent to sell. We disagree.

We apply a familiar two part test in reviewing a sufficiency of the evidence claim. "We first review the evidence presented at trial, construing it in the light most favorable to sustaining the facts expressly found by the trial court or impliedly found by the jury. We then decide whether, upon the facts thus established and the inferences reasonably drawn therefrom, the trial court or the jury could reasonably have concluded that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State v. Sivri*, 231 Conn. 115, 132, 646 A.2d 169 (1994). "[I]n viewing evidence which could yield contrary inferences, the jury is not barred from drawing those inferences consistent with guilt and is not required to draw only those inferences consistent with innocence. The rule is that the jury's function is to draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical." (Internal quotation marks omitted.) Id., 132–33.

The defendant asserts that, in order to sustain his conviction, this court must find that the evidence adduced at the trial level "is proof which precludes *every reasonable hypothesis except that which it tends to support, and is consistent with the defendant's guilt and inconsistent with any other rational conclusion*." *State v. Carpenter*, 214 Conn. 77, 84, 570 A.2d 203 (1990), on appeal after remand, 220 Conn. 169, 595 A.2d 881 (1991), cert. denied, 502 U.S. 1034, 112 S. Ct. 877, 116 L. Ed. 2d 781 (1992);[2] see also *State v. Morrill*, 193 Conn. 602, 610, 478 A.2d 994 (1984).

---

[2] " 'The trier may not reach a conclusion of guilt where the facts, established by the evidence, including those reasonably and logically inferred

Our Supreme Court has stated that "the *Carpenter* principles have their primary operation as rules of law for the guidance of the fact finder, rather than for the guidance of appellate courts in reviewing the sufficiency of evidence regarding the fact finder's verdict." *State* v. *Sivri*, supra, 231 Conn. 135. We also note that "the requirement of proof beyond a reasonable doubt does not mean that the proof must be beyond a possible doubt, and a possible hypothesis or supposition of innocence is far different from a reasonable supposition. . . . Emphasis needs to be placed on the distinction between the word reasonable and the word possible. . . . Proof of guilt must exclude every reasonable supposition of innocence . . . . [A] mere possible hypothesis of innocence will not suffice." (Citations omitted; internal quotation marks omitted.) *State* v. *Morrill*, supra, 193 Conn. 611. Our Supreme Court instructs us that "we give deference not to the hypothesis of innocence posed by the defendant, but to the evidence and the reasonable inferences drawable therefrom that support the jury's determination of guilt. On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the jury's verdict of guilty." *State* v. *Sivri*, supra, 134.

Here, the defendant maintains that the evidence of intent to sell is insufficient because of the inconsistencies in the testimony of the police, as well as in Hill's police report. On appellate review, "we construe the evidence in a manner most favorable to sustaining a verdict. . . . [We] will not reweigh the evidence or

from other proven facts, are rationally consistent with the innocence of an accused. A conclusion of guilt requires proof beyond a reasonable doubt, and proof to that extent is proof which precludes every reasonable hypothesis except that which it tends to support, and is consistent with the defendant's guilt and inconsistent with any other rational conclusion.' " *State* v. *Carpenter*, supra, 214 Conn. 84.

resolve questions of credibility in making such a determination." (Citations omitted; internal quotation marks omitted.) *State* v. *Melillo*, 17 Conn. App. 114, 117, 550 A.2d 319 (1988). It is well established that "[t]he question of intent is purely a question of fact. . . . The state of mind of one accused of a crime is often the most significant and, at the same time, the most elusive element of the crime charged. . . . Because it is practically impossible to know what someone is thinking or intending at any given moment, absent an outright declaration of intent, a person's state of mind is usually proven by circumstantial evidence. . . . Intent may be and usually is inferred from conduct . . . . [W]hether such an inference should be drawn is properly a question for the jury to decide." (Internal quotation marks omitted.) *State* v. *Downey*, 45 Conn. App. 148, 154, 694 A.2d 1367 (1997); see also *State* v. *Torwich*, 38 Conn. App. 306, 314, 661 A.2d 113, cert. denied, 235 Conn. 905, 665 A.2d 906 (1995).

The circumstances surrounding the defendant's arrest are such that the jury reasonably could have concluded that the defendant had the intent to sell narcotics. He was observed with a large quantity of narcotics in one hand and $65 in the other. This court has recognized that " '[t]he quantity of narcotics found in the defendant's possession [is] probative of whether the defendant intended to sell the drugs.' " *State* v. *Glenn*, 30 Conn. App. 783, 793, 622 A.2d 1024 (1993); see also *State* v. *Jennings*, 19 Conn. App. 265, 270, 562 A.2d 545, cert. denied, 212 Conn. 815, 565 A.2d 537 (1989). Here there was testimony that seventy-three vials were more than a user would have possessed.

The defendant's sufficiency claim is nothing more than an attack on the state's witnesses. Such credibility issues are typical grist for the jury's mill. See *State* v. *Foster*, 45 Conn. App. 369, 379, 696 A.2d 1003 (1997). Our review of the evidence convinces us that the jury

properly found that the state proved intent to sell beyond a reasonable doubt.

## II

The defendant next claims that the trial court improperly denied his motion to suppress the crack cocaine. He contends that the police officers framed him by claiming that he discarded the crack cocaine, when, in reality, they seized the cocaine elsewhere. The defendant asserts that such outrageous conduct mandates suppression of the evidence. The defendant did not testify at the hearing on the motion to suppress and did not present any evidence of a "frameup."[3] We have carefully reviewed the record, transcripts and briefs of the parties and find the defendant's claim to be without merit.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] The defendant claims that the trial court, after hearing his trial testimony, should have, sua sponte, reopened the hearing on the motion to suppress to consider his trial testimony. Even if we were to accept such a procedure, the trial court was not required to accept as true the defendant's claim of a frameup.