## STATE OF CONNECTICUT *v.* JIMMY CASTRO
(AC 17410)

Spear, Mihalakos and Zarella, Js.

Argued February 28—officially released September 26, 2000

*Richard Callahan,* special public defender, for the appellant (defendant).

*Mitchell S. Brody,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Anne F. Mahoney,* assistant state's attorney, for the appellee (state).

*Opinion*

SPEAR, J. The defendant, Jimmy Castro, appeals from the judgment of conviction, rendered after a trial to the court, of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and two counts of risk of injury to a child in violation of General Statutes § 53-21. He claims that the court improperly (1) failed to state whether it applied the standard of proof of beyond a reasonable doubt to assess the victim's credibility where the victim's testimony was the only evidence of the crimes, (2) failed to review the evidence from the victim with care and caution and (3) allowed prosecutorial misconduct by permitting the prosecutor to provide her own testimony through statements inserted into her cross-examination of a defense witness. We affirm the judgment of the trial court.

The court found the following facts. The defendant engaged in anal intercourse with the victim, a minor child, between October, 1992, and March, 1995, and, at the relevant times, the victim was under thirteen years of age. The defendant is twenty-two years older than the victim. The court found, beyond a reasonable doubt, that the defendant was guilty of two counts of sexual assault in the first degree and two counts of risk of injury to a child. This appeal followed.

I

The defendant's first claim has two aspects. First, he asserts that where the state's case turns on evidence

from one witness, to convict a defendant the trier must find that the witness is credible beyond a reasonable doubt. Second, he asserts that because the court did not state the standard of proof that it used in assessing the victim's credibility, the case must be remanded for a new trial. Neither claim was ever presented to the trial court.

We are not required to review claims that were not distinctly raised at trial. *Bell Atlantic Mobile, Inc.* v. *Dept. of Public Utility Control*, 253 Conn. 453, 485, 754 A.2d 128 (2000); see also Practice Book § 60-5. The defendant does not seek review of his unpreserved claim pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989),[1] or under the plain error doctrine. Practice Book § 60-5. We, therefore, decline to review this claim.

## II

The defendant's second claim is that the court improperly failed to review the evidence given by the victim with care and caution. This is, in essence, nothing more than a claim that the evidence was insufficient to support his convictions. To support this claim, the defendant attacks the credibility of the victim and points out the strengths of the testimony presented by the defense.

It is axiomatic that this court does not assess the credibility of witnesses. It is not necessary for us to review the various inconsistencies and contradictions in the evidence as alleged by the defendant. "Such credi-

[1] In *Golding*, our Supreme Court held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

bility issues are typical grist for the [trier of fact's] mill." *State* v. *Smith*, 46 Conn. App. 321, 326, 699 A.2d 262 (1997). We conclude that this claim is without merit.

## III

The defendant's final claim is that the prosecutor engaged in misconduct by providing her own testimony through statements that she made while cross-examining a defense witness. Specifically, he claims that during the cross-examination of a defense witness, the prosecutor assumed facts in her questioning that were not part of the evidence and, by doing so, expressed her personal opinion that the defense witness was not testifying truthfully. The defendant refers to seven pages of transcript in which the prosecutor, during her cross-examination of a defense witness, allegedly framed her questions in such a way that she appeared to be testifying that she and an investigator had had a conversation with the witness on a previous occasion and that the witness had given her information that was inconsistent with his testimony in court. The defendant did not object to the questions at trial and seeks review of his unpreserved claim of prosecutorial misconduct pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40.

Even if we were to assume that the questions were improper, the defendant has not carried his burden of showing "a pattern of misconduct pervasive throughout the trial or conduct that was so blatantly egregious that it infringed on the defendant's right to a fair trial." (Internal quotations marks omitted.) *State* v. *Steed*, 54 Conn. App. 543, 547–48, 736 A.2d 918 (1999). The questions were all couched in terms of whether the witness remembered telling certain things to the prosecutor or the investigator that related to the victim's claim that the witness also had sexually assaulted the victim. This claim by the victim was not crucial to the state's case against the defendant. We conclude that there was no

misconduct, and the defendant was not denied a fair trial.

The judgment is affirmed.

In this opinion the other judges concurred.