[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The defendant has moved for summary judgment on all counts of the plaintiffs' seven count fourth amended complaint dated November 25, 2000. CT Page 15564
This is a personal injury and property damage case arising from the defendant's alleged control and maintenance of underground fuel storage tanks and salt reservoir which the plaintiffs claim contaminated their water supply diminishing the value of their realty, causing personal property damage and personal injuries. Their complaint is framed in negligence (Counts I and II regarding water contamination and Count VI regarding salt contamination) and nuisance (Counts III and IV regarding water contamination and Count VI regarding salt contamination). Additionally, through Count V the plaintiffs seek a temporary and permanent injunction.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . .and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . .(internal citations omitted)." Miles v. Foley, 953 Conn. 381, 386 (2000). A material fact is one which will make a difference in the result of the case. River Dock Pile, Inc. v. Ins. Co of North America, 57 Conn. App. 227, 231 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." Id. And, in deciding a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. Barrett v. Danbury Hospital, 232 Conn. 242 (1995). The court's function in ruling on such a motion is to determine whether there exists any genuine issue as to any material fact and not to try factual issues.Raboin v. North American Industries, Inc., 57 Conn. App. 535 (2000).
The defendant asserts that the plaintiffs' negligence and nuisance claims are barred by the doctrine of governmental immunity. The defendant argues that the plaintiffs' negligence counts are barred because they are not expressly founded on a statutory exception to governmental immunity. For this proposition, the defendant cites the Supreme Court's holding inWilliams v. New Haven, 243 Conn. 763 (1998). The defendant's reliance onWilliams is misplaced. In Williams, the court reversed the judgment of the trial court and directed judgment for the defendant on the basis of its finding that:
 "We first note that, throughout the entire course of this litigation, including the allegations of the complaint, the trial and this appeal, the plaintiffs have relied solely on their claim of common-law negligence on the part of the defendant. At no time CT Page 15565 have they advanced any statute as a basis for the liability of the defendant in this case. Accordingly, on appeal, we consider this case as it was litigated in the trial court and briefed and argued in this court." Id. at 766.
Also in the opinion the court noted:
 "The legislature has acted to limit governmental immunity in certain circumstances. For example, in General Statute § 13a-149, the legislature has provided for municipal liability for property damage or personal injuries caused by defective roads and bridges. The legislature also has set forth general principles of municipal liability and immunity in General Statute § 52-557n. The plaintiffs have not relied on either of these two statutes, nor have they cited to any other statute as a means of abrogating the defendants' governmental immunity." Id.
at 767-768.
Unlike the situation in Williams, the plaintiffs here have signaled their intent to rely on C.G.S. § 52-557n in their brief and in oral argument concerning the present motion for summary judgment. Thus, even though C.G.S. § 52-557n is not specifically plead, the defendant has been made aware of the statutory basis of the plaintiffs' negligence claims. Under these circumstances, the situation becomes analogous to that found by the Appellate Court in Colon v. New Haven, 60 Conn. App. 189
(2000). In Colon, although the plaintiff had failed to set forth a statutory basis for his claim against the defendant in his complaint, the defendant was made aware through briefing and oral argument in opposition to a motion for summary judgment that the plaintiffs claim was premised on the statutory exception to governmental immunity contained in C.G.S. § 52-557n. In a footnote, the court stated:
 "In this case, unlike in Williams, the plaintiffs raised General Statutes § 52-557n, which sets forth general principles of municipal liability and immunity, in opposing the defendant's motion for summary judgment. While the defendant is correct in pointing out that the plaintiffs did not cite § 52-557n in their complaint or amend their complaint to include such statute, the plaintiffs failure to do so does not necessarily preclude recovery. Although Practice Book § 10-3(a) provides that when any claim in a complaint is grounded on a statute, the CT Page 15566 statute shall be specifically identified by its number, this rule has been construed as directory rather than mandatory. As long as the defendant is sufficiently apprised of the nature of the action, the failure to comply with the directive of Practice Book § 10-3(a) will not bar recovery (internal citations omitted)." 60 Conn. App. 78, 188 (2000).
Through the briefing and oral argument in conjunction with this motion the defendant has been made aware explicitly of the plaintiffs' reliance on C.G.S. § 52-557n. The failure to cite the statute in the complaint is not fatal to the plaintiffs' claim.
The defendant next claims that it cannot be held liable to the plaintiffs because it enjoys governmental immunity for discretionary acts and that its alleged involvement with the underground fuel storage tanks and salt storage implicates discretionary and not ministerial acts. C.G.S. § 52-557n provides, in part: "(2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." This section is a codification of the common law rule that municipalities and their employees or agents have immunity from negligence liability for governmental acts involving the exercise of judgment or discretion as opposed to those acts which are purely ministerial in nature, i.e. those which are performed in a prescribed manner without the exercise of judgment or discretion. cf. Elliott v.City of Waterbury, 245 Conn. 385 (1998). The court is not able to discern, as a matter of law, that all of the allegations concerning the defendant's acts and failures to act implicate only discretionary conduct. For example, the plaintiffs' claims that the defendant failed to make reasonable inspections and that it failed to keep adequate inventory control records appear facially to involve ministerial acts. Additionally, even though some of the alleged acts or failures may appear to implicate discretionary conduct, not every discretionary act by a municipality is protected by governmental immunity. As an exception to the general discretionary-ministerial dichotomy, a municipality may be liable for the negligent performance of a discretionary act when a claimant is a member of an identifiable class made subject to an imminent harm from a foreseeably dangerous condition that is limited in duration and geographical scope. cf. Purzycki v. Fairfield, 244 Conn. 101 (1998). Depending on the proof at trial, the underlying facts of this matter may fall within this exception. At this juncture, the court is not able to state that as a matter of law the exception is inapplicable. CT Page 15567
The defendant also seeks summary judgment on the basis of its claim that the Ashford Board of Education and not the Town owns the underground storage tanks. Certainly the defendant has presented documentary evidence in support of this contention. But, in response the plaintiffs have submitted documentation that the Town has asserted ownership of these tanks and has exercised control over them. This factual issue is not appropriate for summary resolution.
The defendant next claims that it can not be liable in nuisance because there are no material facts to support a conclusion that the Town created the alleged nuisance and a municipality can only be liable for a nuisance it creates. In general, a common-law nuisance claim consists of four elements: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; and (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages." Elliot v. City of Waterbury,245 Conn. 385 (1998). C.G.S. § 52-557n(a)(1) provides in part that "except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by . . . acts of the political subdivision which constitute the creation or participation in the creation of the nuisance. . . ." Therefore, in order for a municipality to be liable in nuisance, in addition to the requirement that common law elements of nuisance be present, there must be a finding that the town created or participated in the creation of the nuisance. Id. at 421. In their complaint the plaintiffs have alleged that the Town constructed a combined Town Garage and Salt Storage facility for the storage of salt, diesel fuel and gasoline and that the Town has maintained control over the storage facility from its inception. The plaintiffs further allege that leakage from the storage tanks and from the salt supply constitute a nuisance and have caused them harm. These allegations are tantamount to a claim that the Town created the nuisance. In order to prove intent, the plaintiffs need not prove that the defendants intended to create the harm, but rather that the defendant intentionally created the conditions which constitute the nuisance.Delahunta v. Waterbury, 134 Conn. 630 (1948). While the defendant has provided the court with documents from which a fact finder could find these allegations lacking in proof, conflicting documentation provided by the plaintiffs have put the issue of ownership and control over the offending storage tanks and salt storage site sufficiently at issue to require fact finding for its resolution.
Finally, the defendant claims that the plaintiffs' claims are barred by applicable statutes of limitation. The original complaint in this action is dated April 21, 1998. Subsequently, there have been several amended complaints leading to the present fourth amended complaint dated November CT Page 15568 25, 2000. The defendant contends that the original complaint is time barred and that the subsequent amendments, since they raise new causes, are also untimely. C.G.S. § 52-584 provides, in part, that no action to recover damages caused by negligence shall be brought more than two years from the date the injury is sustained, discovered or reasonably should have been discovered, and in no event later than three years from the date of the offending act or omission. C.G.S. § 52-577, which governs nuisance actions, is a three year statute of limitations. C.G.S. § 52-577c, which pertains to damages caused by exposure to hazardous chemical substances or hazardous pollutants, provides that any action for such damages must be brought no later than two years from the date when the injury or damage was or reasonably should have been discovered. Pursuant to C.G.S. § 52-584, a cause of action accrues when an actionable harm has been identified by a claimant. Catz v. Rubenstein,201 Conn. 39 (1986). While the defendant has pointed out that the plaintiff received notification in 1995 of abnormalities in their drinking water, the court is unwilling to conclude that this finding, alone, constituted actionable harm so as to begin the tolling of the statute. To have "actionable harm" a plaintiff must discover that he has been injured and that the defendant's conduct caused his injury. Nash v. Yap,247 Conn. 638 (1999). From the conflicting affidavits and supporting documents, it appears to the court that the date on which the plaintiffs knew they had "actionable harm" is a question of fact, not appropriate for resolution by summary judgment.
The plaintiffs further assert that even if their claims are otherwise time barred, the "continuing course of conduct" exception tolls the applicable statute. A statute of limitations may be tolled under the "continuing course of conduct" doctrine if there is evidence of the breach of a duty that remained in existence after the commission of the original wrong and a continuation of the duty up to the time when an action is commenced. Additionally, application of this doctrine requires a finding that there is a special continuing relationship between the parties. Sherwood v. Danbury Hospital, 252 Conn. 193 (2000). The availability of this doctrine to toll a statute of limitation is fact-dependent. Whether this doctrine applies to the instant dispute is a question of fact which cannot reasonably be determined on the basis of the documents and arguments presented in conjunction with the pending motion.
For the reasons stated, the defendant's motion for summary judgment is denied.
Thomas A. Bishop, J.