ALEX VISOKY ET AL. *v.* LEANDRE G. LAVOIE
(AC 20679)

Schaller, Spear and O'Connell, Js.

Argued March 19—officially released July 24, 2001

*William J. Melley III*, with whom, on the brief, were *Deirdre J. Lewis* and *Kerry A. Rousseau*, for the appellant (defendant).

*Harvey L. Backmender*, for the appellees (named plaintiff).

*Opinion*

O'CONNELL, J. The defendant appeals from the judgment of the trial court rendered after it set aside the jury's verdict in his favor and ordered a new trial. The defendant claims that the court improperly (1) substituted its own opinion for that of the jury and (2) considered postverdict ex parte jury comments. We reverse the judgment of the trial court and direct that the court on remand reinstate the jury verdict in favor of the defendant.

The jury reasonably could have found the following facts. The defendant was operating a minivan at a slow rate of speed on Marshall Phelps Road in Windsor, which is a two-way, two-lane road. The defendant's vehicle was positioned mostly in the right travel lane and partially on the right shoulder. As the named plaintiff's vehicle,[1] a taxicab, overtook the defendant's minivan, it turned to the left in an attempt to pass the minivan. At that point, the defendant began to turn his vehicle to the left, intending to enter a driveway on the left side of the road. The defendant's vehicle collided with the right rear quarter panel of the named plaintiff's vehicle. The plaintiffs thereafter brought this action against the defendant, claiming bodily injuries and damage to the taxicab.

---

[1] The other plaintiff in this action is Edie's Cab, Inc., the owner of the named plaintiff's vehicle.

Following the conclusion of the evidence, the court instructed the jury on the law, including an indisputably correct instruction on the law of comparative negligence. Neither party took exception to the charge nor submitted interrogatories to the jury. The jury did not report any confusion or seek clarification from the court on any portion of the instruction. On July 6, 1999, after a period of deliberation, the jury returned a verdict for the defendant. The court ordered the verdict accepted and recorded, thanked the members of the jury for their service and discharged them. The jury left the courtroom, and shortly thereafter court adjourned.

A short time later, the trial judge entered the jury room to again thank the jurors for their service and heard comments that led her to believe that some of the jurors had misinterpreted her comparative negligence instruction. Thereafter, counsel for the parties spoke with two members of the jury and reported the same discovery to the trial judge in chambers. On July 14, 1999, the plaintiffs filed a motion to set aside the verdict on the basis of the jury's failure to follow correctly the court's instructions and because the verdict was contrary to the evidence. During a hearing held on the motion on October 15, 1999, the court recounted its conversation with the jury. That was the first reference in the record to the court's conversation with the jury. On March 29, 2000, the court granted the plaintiffs' motion and ordered a new trial.

In its memorandum of decision, the court found that although the jury reasonably and legally could have found the plaintiffs to be comparatively negligent, on the basis of the weight of the evidence that negligence could not have reasonably or legally exceeded 50 percent. The court further stated that its conclusion was buttressed by the postverdict discussions with the jurors by the court and counsel for both parties.

"We review the trial court's action in granting or denying a motion to set aside a verdict by an abuse of discretion standard. . . . A trial court may set aside a verdict on a finding that the verdict is manifestly unjust because, given the evidence presented, the jury mistakenly applied a legal principle or because there is no evidence to which the legal principles of the case could be applied." (Citation omitted; internal quotation marks omitted.) *Card* v. *State*, 57 Conn. App. 134, 138, 747 A.2d 32 (2000). "A verdict should not be set aside, however, where it is apparent that there was some evidence on which the jury might reasonably have reached its conclusion. . . . This limitation on a trial court's discretion results from the constitutional right of litigants to have issues of fact determined by a jury. . . . In reviewing a trial court's decision to set aside a jury verdict, we must consider the evidence in the light most favorable to the party who succeeded before the jury. . . . While an appellate court must give great weight to a trial court's decision to set aside a verdict, an appellate court must carefully review the jury's determinations and evidence, given the constitutional right of litigants to have the issues decided by a jury. . . . An appellate court, therefore, in reviewing whether a trial court abused its legal discretion, must review the entire record and [all] the evidence." (Citations omitted; internal quotation marks omitted.) *PAR Painting, Inc.* v. *Greenhorne & O'Mara, Inc.*, 61 Conn. App. 317, 322–23, 763 A.2d 1078, cert. denied, 255 Conn. 951, 770 A.2d 31 (2001). "Upon issues regarding which, on the evidence, there is room for reasonable difference of opinion among fair-minded men, the conclusion of a jury, if one at which honest men acting fairly and intelligently might arrive reasonably, must stand, even though the opinion of the trial court and this court be that a different result should have been reached. . . . [I]f there is a reasonable basis in the evidence for the jury's verdict, unless

there is a mistake in law or some other valid basis for upsetting the result other than a difference of opinion regarding the conclusions to be drawn from the evidence, the trial court should let the jury work their will." (Citations omitted; internal quotation marks omitted.) *Wichers* v. *Hatch*, 252 Conn. 174, 189, 745 A.2d 789 (2000).

In nearly all motor vehicle accident cases, the jury must resolve many factual questions such as the speed of the vehicles, the positioning of the vehicles on the road, the conduct of the operators, the credibility of the parties and witnesses, damage to the vehicles, the extent of injuries to the parties, etc. It is well established that "[i]t is the privilege of the jury to believe or disbelieve any evidence and to attribute to any evidence whatever weight it feels is merited." *Preisner* v. *Illman*, 1 Conn. App. 264, 267, 470 A.2d 1237 (1984). In this case, the jury returned a verdict showing that it chose to believe the evidence supporting a defendant's verdict, and the court should not have intruded on that choice by the jury. See *Opotzner* v. *Bass*, 63 Conn. App. 555, 570, 777 A.2d 718, cert. denied, 257 Conn. 910, 782 A.2d 134 (2001).

The court, in its memorandum of decision, stated that it found "that while the jury reasonably and legally could have found the plaintiffs to be contributorily negligent, that negligence could not have reasonably or legally exceeded 50 percent." If the evidence is such that fair minded persons, acting fairly and honestly, might intelligently and reasonably have arrived at the jury's verdict, despite room for a reasonable difference among them, then the jury's verdict must stand regardless of the opinion of the court. Issues of negligence and contributory negligence ordinarily are ones of fact and should be reserved for the jury. In this case, there was credible evidence from which the jury reasonably could have found for the defendant. See *Trzcinski* v. *Richey*, 190 Conn. 285, 297, 460 A.2d 1269 (1983).

The evidence here was close, and a fair minded, reasonable, honest juror reasonably could have found greater fault on the part of the plaintiffs. When the court substituted its own opinion for that of the jury, it violated the defendant's constitutional right to have issues of fact decided by a jury. See *PAR Painting, Inc.* v. *Greenhorne & O'Mara, Inc.*, supra, 61 Conn. App. 323.

In addition, the court used the postverdict conversations with the jurors to buttress its decision to set aside the verdict. Those conversations occurred off the record, and the court did not recall the jurors to conduct a hearing on the record. Because there is no record of the jurors' comments for us to review, we cannot consider them in reviewing the court's decision to set aside the verdict and order a new trial.

The judgment is reversed and the case is remanded with direction to render judgment for the defendant on the verdict.

In this opinion the other judges concurred.