[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner was convicted by a jury in docket number CR6-99415 of possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a) and sentenced to a term of fifteen (15) years, execution suspended after seven and one-half (7 ½) years, with five (5) years of probation. Am. Pet., at 1. The petitioner appealed his conviction, which was affirmed in State v. Smith, 46 Conn. App. 321, CT Page 6596699 A.2d 262 (1997). The petitioner filed a pro se petition for a writ of habeas corpus on January 25, 1996, which was amended on August 6, 1997. In his Amended Petition, the petitioner raises two claims of ineffective assistance of trial counsel: 1) that his trial counsel failed "[t]o conduct a thorough and searching cross-examination of the police officers who were called as witnesses by the state;" and 2) that his trial counsel "[f]ailed to select jurors that the petitioner requested and instead selected jurors over the objection of the petitioner and specifically excluded jurors from minority groups." Am. Pet., at 1-2.
"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of the conviction has two components. First, the petitioner must show that counsel's performance was deficient. Second, the petitioner must show that the deficient performance prejudiced the defense. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. Stricklandv. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984); Aillon v.Meachum, 211 Conn. 352, 357, 559 A.2d 206 (1989); Fair v. Warden,211 Conn. 398, 402, 559 A.2d 1094, cert. denied, 493 U.S. 981,110 S.Ct. 512, 107 L.Ed.2d 514 (1989)." Henry v. Commissioner of Correction,60 Conn. App. 313, 316-7, 759 A.2d 118 (2000). "Even if a petitioner shows that counsel's performance was deficient, the second prong, or prejudice prong, requires that the petitioner show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Internal citations and quotations omitted.) Id., 317-8. Alsosee Commissioner of Correction v. Rodriguez, 222 Conn. 469, 477,610 A.2d 631 (1992).
"A reviewing court can find against the petitioner on whichever [Strickland prong] is easier. Valeriano v. Bronson, 209 Conn. 75, 85-6,546 A.2d 1380 (1988); Nardini v. Manson, 207 Conn. 118, 124, 540 A.2d 69
(1988); Magnotti v. Meachum, 22 Conn. App. 669, 674, 579 A.2d 553
(1990); Beasley v. Commissioner of Correction, [47 Conn. App. 253, 264,704 A.2d 807 (1997), cert. denied, 243 Conn. 967, 707 A.2d 1268 (1998)]."Petaway v. Commissioner of Correction, 49 Conn. App. 75, 76 n. 2,712 A.2d 992 (1998). "A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice." Nardini v. Manson, supra, 207 Conn. 124.
The petitioner in his first claim alleges that his trial counsel, David Abbamonte, did not conduct a thorough cross-examination, that counsel CT Page 6597 "conducted a lackluster cross-examination of the police officers who arrested him on the scene." Pet'r Br., at 2. The petitioner "contends that a more vigorous examination would have revealed that the police were not truthful on the scene and that he was `set up' for the drug arrest by means of planted evidence." Id.[1] The contention that a more vigorous cross-examination would have supported the claim that he was set up is based on the inconsistencies between the testimony given by two police officers, Nicholas Meriano and Derwyn Hill. Tr. (Jan. 30, 2002), at 45.
Attorney Abbamonte testified at the habeas corpus trial that his strategy, based on the petitioner's denial of guilt and claims that the drugs were not his and that he did not drop them; Id., at 3-4; in a case such as this, where "there's more than one police officer testifying[, is to] try and elicit discrepancies as to what happened between each officer." Id., at 5. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms. Thus,Strickland requires only reasonably effective assistance as measured by the standards of the bar generally." (Emphasis in original.) (Internal citation omitted.) Quintana v. Warden, State Prison, 220 Conn. 1, 5-6,593 A.2d 964 (1991), quoting Strickland v. Washington, supra, 466 U.S. 688. This Court has reviewed the transcripts of the testimony by both Officers Meriano and Hill during the underlying criminal trial and finds that Attorney Abbamonte was able to elicit discrepancies in their testimonies.[2] This Court also finds that Attorney Abbamonte's strategy was reasonable under the prevailing professional norms.
"It is well established that it is the privilege of the jury to believe or disbelieve any evidence and to attribute to any evidence whatever weight it feels is merited." (Internal quotation marks omitted.) Visokyv. Lavoie, 64 Conn. App. 501, 505, 779 A.2d 1284 (2001). The jury in this case resolved the discrepancies in reaching its verdict. Based on the foregoing, this Court finds that the petitioner both has failed to show that Attorney Abbamonte's performance was deficient and has not affirmatively proven that he was prejudiced. Fisher v. Commissioner ofCorrection, 45 Conn. App. 362, 367, 696 A.2d 371, cert. denied,242 Conn. 912, 697 A.2d 183 (1997). The petitioner's first claim, consequently, is without merit.
The second claim raised by the petitioner is that his trial counsel failed to select jurors who the petitioner requested, instead selecting jurors over the objection of the petitioner, and specifically excluded jurors from minority groups. The petitioner testified at the habeas corpus trial that he was convicted by an all-white jury and that he had disagreements with Attorney Abbamonte concerning the selection of jurors. Tr. (Jan. 30, 2002), at 15-6. The petitioner testified that he wanted to have jurors who were peers, who "live in the lower part of CT Page 6598 life, poverty or something, someone who is black, Spanish, someone who is my peer that lives in this type of community[.]" Id., at 16. The petitioner also testified that there were two or three blacks among the venire panelists who were called in during the two-to-three day jury selection process. Id., at 16 and 19. Lastly, the petitioner testified that he asked Attorney Abbamonte why none of the petitioner's peers were on the jury and why venire panelists were excused. Id., at 18-9. The petitioner testified that Attorney Abbamonte never gave a positive answer why there were no peers on the jury and that panelists were excused because "That's the procedure." Id.
Aside from the petitioner's testimony at the habeas corpus trial, there is no other evidence proffered in support of the petitioner's second claim. "To establish a violation of his federal constitutional right to a jury drawn from a fair cross section of the community, the defendant must demonstrate the following: (1) that the group alleged to be excluded is a `distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to systematic exclusion of the group in the jury selection process. Duren v. Missouri, 439 U.S. 357,364, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); State v. Robinson, 227 Conn. 711,717-18, 631 A.2d 288 (1993)." (Internal quotation marks omitted.) Statev. Webb, 238 Conn. 389, 450, 680 A.2d 147 (1996). The petitioner in this case has neither established a constitutional violation nor shown that Attorney Abbamonte's performance was deficient. This Court additionally finds the petitioner's testimony that trial counsel did not explain why venire panelists were excused to be not credible.
For all the foregoing reasons, the petitioner has failed to prove the two claims raised in his Amended Petition. The petition seeking habeas corpus relief, therefore, is denied.
GRAZIANI, JUDGE.