[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR PARTIAL SUMMARY JUDGMENT #118
This case comes to court on the plaintiff's motion for partial summary judgment with regard to the issue of the defendant's negligence. The plaintiffs contend that they are entitled to summary judgment on this issue by virtue of the doctrine of res judicata and/or collateral estoppel. As a result of this accident, the defendant was found guilty of failing to grant the right of way pursuant to Connecticut General Statutes § 14-245. For reasons stated below, the plaintiff's motion is denied.
 I Facts
On March 18, 2002, the plaintiffs, Jennifer Kuban, Paul Kuban and Deborah Kuban, filed a third amended two-count civil complaint against the defendant, Louise Belinski. Count one of the complaint is in negligence and Jennifer Kuban seeks damages for physical injuries, allegedly caused by a collision which occurred on August 23, 1999. In the second count, Paul and Deborah Kuban, owners of the vehicle driven by Jennifer Kuban, seek property damages for damage allegedly done to their car.
In her answer, filed on March 1, 2002,[1] the defendant raised a special defense of contributory negligence as to the first count of the complaint, alleging that Jennifer Kuban's injuries, if any, were caused by her own negligence and carelessness. The defendant also raised a special defense as to the second count, alleging that any economic loss suffered by the plaintiffs has already been compensated by their insurance carrier (C.G.U.), and that they are barred from pursuing this action because it has already been determined adversely to them in a subrogation action brought by their representative. The plaintiffs filed a reply denying all allegations and special defenses. CT Page 15328-av
On June 4, 2002, the plaintiffs filed a motion for partial summary judgment on the ground that no genuine issue of material fact exists as to whether the defendant was negligent in the operation of her motor vehicle based on the doctrines of res judicata and/or collateral estoppel, citing the defendant's criminal conviction under §14-245.[2] The plaintiffs filed a memorandum of law in support of the motion and attached three documents.[3] The defendant filed a memorandum in opposition along with her affidavit and several other documents.[4]
The undisputed facts are as follows: On August 23, 1999, the plaintiff, Jennifer Kuban, and the defendant, Louise Belinski, were approaching one another from opposite directions at the intersection of Easton Road and Weston Road in Westport, Connecticut. Jennifer Kuban was proceeding in a westerly direction on Easton Road, and the defendant was proceeding in an easterly direction on the same. (Amended Complaint ¶¶ 1, 3; Answer ¶¶ 1, 3.) Jennifer Kuban attempted to left turn onto Weston Road. (Amended Complaint ¶ 2; Answer ¶ 2.) The two vehicles were involved in a collision. (Amended Complaint ¶ 3; Affidavit of Louise Belinski, June 24, 2002, [Belinski Affidavit], ¶ 9.) A magistrate found the defendant guilty of violating General Statutes § 14-245. The defendant was fined $167.00, and did not demand a trial de novo. (See Plaintiffs' Exhibit B, copy of plaintiffs' request for admissions, filed April 16, 2002, and Exhibit C, certified copy of court record, dated June 14, 2001; Belinski Affidavit, ¶ 11.)
 II Discussion
"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Citation omitted; internal quotation marks omitted.) LaFlamme v. Dallessio, 261 Conn. 247, 250,___ A.2d ___ (2002).
"As the party moving for summary judgment, the plaintiff is required to CT Page 15328-aw support its motion with supporting documentation, including affidavits."Heyman Associates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,796, 653 A.2d 122 (1995); see also Practice Book § 17-45. "To oppose a motion for summary judgment successfully the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Internal quotation marks omitted.)Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143,148, 574 A.2d 1298 (1990); see also Yancey v. Connecticut Life Casualty Ins. Co., 68 Conn. App. 556, 559, 791 A.2d 719 (2002).
"It is especially appropriate to hold [evidence] submitted by a moving party to a stringent standard." Evans Products Co. v. Clinton BuildingSupply, Inc., 174 Conn. 512, 516, 391 A.2d 157 (1978), "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." (Internal quotation marks omitted.) Catzv. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986).
The Connecticut Supreme Court has stated that the granting of summary judgment is generally not appropriate in a negligence case. "Litigants have a constitutional right to have issues of fact decided by a jury. . . . Summary judgment procedure is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact . . . Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Citations omitted; internal quotation marks omitted.)Michaud v. Gurney, 168 Conn. 431, 434,362 A.2d 857 (1975).
In their memorandum, the plaintiffs argue that because the issue of negligence was tried in the criminal court, the doctrines of res judicata and/or collateral estoppel should apply and bar the defendant from re-litigating the issue of liability. In support of this argument, the plaintiffs submitted a request for admissions dated April 15, 2002, to establish that the defendant was found guilty of violating General Statutes § 14-245 and did not demand a trial de novo. They also submitted a certified copy of the court record dated June 14, 2001, to establish the same. As explained above, the defendant has admitted these facts.
While the plaintiffs have not attached any affidavits to their motion, the defendant has done so. She states that "[t]he accident was caused by CT Page 15328-ax the negligence of the plaintiff, Jennifer Kuban, who made an improper left turn into my lane of travel." (Belinski Affidavit, ¶ 10.) The plaintiffs do not address the issue of contributory negligence other than to deny it in their reply to the defendant's special defenses.
The doctrines of "res judicata [and] collateral estoppel, if raised, may be dispositive of a claim, [and therefore] summary judgment [is] the appropriate method for resolving [such] claim[s]. . . ." Jackson v. R.G.Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993), "[R]es judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. . . ." (Internal quotation marks omitted.) Linden CondominiumAssn., Inc. v. McKenna, 247 Conn. 575, 594, 726 A.2d 502 (1999). Under the doctrine "[a] judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose." (Internal quotation marks omitted.) Connecticut Natural Gas Corp. v. Miller, 239 Conn. 313,322, 684 A.2d 1173 (1996), "[T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding. . . ." (Internal quotation marks omitted.) Linden Condominium Assn., Inc. v. McKenna, supra,247 Conn. 594.
"The [plaintiffs'] reliance on the doctrine of res judicata is misplaced. Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim." (Internal quotation marks omitted.) Knoblaugh v. Marshall,64 Conn. App. 32, 36, 779 A.2d 218, cert. denied, 258 Conn. 916,782 A.2d 1243 (2001). While the doctrine of res judicata would preclude the defendant from arguing that she did not violate § 14-245, the plaintiffs argue that the prior conviction precludes her from litigating the issue of her liability for the plaintiffs' personal injuries and economic loss. The fact that the defendant violated § 14-245, however, does not mean that she is fully liable, if at all, for the plaintiffs' damages. Further, because "[t]he rule of law concerning contributory negligence as a defense in a civil action has no application in a criminal case"; State v. McKinstry, 2 Conn. Cir.Ct. 42, 44,193 A.2d 905 (1963), citing State v. Campbell, 82 Conn. 671, 675, 74 A. 927
(1910); the issue of Jennifer Kuban's contributory negligence could nothave been litigated in the defendant's criminal trial as a matter of law. Therefore, the doctrine of res judicata does not entitle the plaintiffs to summary judgment on the issue of the defendant's liability.
"[C]ollateral estoppel precludes a party from relitigating issues and CT Page 15328-ay facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim." (Internal quotation marks omitted.) Dowling v. FinleyAssociates, Inc., 248 Conn. 364, 373-74, 727 A.2d 1245 (1999). "[T]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding." (Internal quotation marks omitted.) Mazziotti v. Allstate Ins. Co.,240 Conn. 799, 812, 695 A.2d 1010 (1997); see also Young v. MetropolitanProperty Casualty Ins. Co., 60 Conn. App. 107, 113, 758 A.2d 452, cert. denied, 255 Conn. 906, 762 A.2d 912 (2000).
"Collateral estoppel applies to both criminal and civil proceedings."State v. Barlow, 30 Conn. App. 36, 40, 618 A.2d 579 (1993); see alsoState v. Aparo, 223 Conn. 384, 391, 614 A.2d 401, cert. denied,507 U.S. 972, 113 S.Ct. 1414, 122 L.Ed.2d 785 (1992), "The preclusive effect of a criminal judgment in a subsequent civil action presupposes that the issue in question was actually litigated in the criminal prosecution." (Internal quotation marks omitted.) Rawling v. New Haven,206 Conn. 100, 111, 537 A.2d 439 (1988). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in thefirst action. It also must have been actually decided and the decision must have been necessary to the judgment." (Emphasis in original; internal quotation marks omitted.) Lafayette v. General Dynamics Corp.,255 Conn. 762, 772, 770 A.2d 1 (2001). "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarilydetermined if, in the absence of a determination of the issue, the judgment could not have been validly rendered." (Citation omitted; emphasis in original; internal quotation marks omitted.) Id., 773.
As discussed previously with regard to res judicata, because "[t]he rule of law concerning contributory negligence as a defense in a civil action has no application in a criminal case"; State v. McKinstry, supra, 2 Conn. Cir.Ct. 44, citing State v. Campbell, supra, 82 Conn. 675; the issue of Jennifer Kuban's contributory negligence could not havebeen litigated in the defendant's criminal trial as a matter of law. Because the issue of contributory negligence was not actually litigated in the criminal trial, the doctrine of collateral estoppel does not bar the defendant from litigating it in the present case.
Finally, the defendant argues that, because she has raised a special defense alleging comparative negligence which would ultimately have to be decided by the jury, the plaintiffs are not entitled to a partial summary judgment on the issue of liability. The defendant's special defense is proper. "In [an] intersection collision, [the fact] that [the plaintiff] CT Page 15328-bz had the statutory right of way [does not mean] as matter of law that [she] might not have [been] negligent as to lookout, speed and control . . ." Bevins v. Brewer, 146 Conn. 10, 16, 147 A.2d 189 (1958) "One who has the right of way is still under a duty to exercise reasonable care."Drobish v. Petronzi, 142 Conn. 385, 387, 114 A.2d 685 (1955) "Issues of . . . contributory negligence ordinarily are ones of fact and should be reserved for the jury." Visoky v. Lavoie, 64 Conn. App. 501, 505,779 A.2d 1284 (2001).
 Conclusion
The defendant is not barred from litigating the issue of Jennifer Kuban's contributory negligence by either the doctrine of res judicata or collateral estoppel. There remains a genuine issue of material fact as to liability. According, the plaintiff's motion for partial summary judgment is denied.