GEORGE MEADOWS *v.* HECTOR VIGNEAULT

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued January 7—decided January 26, 1965

*John P. McKeon,* for the appellant (defendant).

*Morton W. Appleton,* for the appellee (plaintiff).

PER CURIAM. The court set aside the verdict for the defendant because of the improper and prejudi-

cial conduct and remarks of his counsel during the trial and in his argument to the jury. Were it not for these reasons, the verdict would have been undisturbed. The sole issue on this appeal is whether the court's action was justified under the circumstances in this case.

The plaintiff sued to recover for injuries allegedly sustained in a collision between his automobile and that of the defendant. The evidence was conflicting. Upon cross-examination of the plaintiff, the defendant, over the objection of the plaintiff, succeeded in introducing into evidence a letter written by the plaintiff's lawyer to the defendant in which the defendant was asked to turn the letter over to his insurance carrier. The reason why the letter was competent for admission does not appear, but from later developments in the case, including the defendant's argument to the jury, the court could have reasonably concluded that the letter was intended as the opening wedge in getting before the jury the fact that the defendant was insured, in order thereby to furnish a foundation for his argument that the plaintiff was solely motivated by his desire to mulct the insurance company. The argument was not recorded by the court stenographer. The finding includes excerpts from the substance of the argument as the defendant has reconstructed it in his draft finding. Whether we accept the finding or whether we accept the draft finding makes no difference. Each makes patently clear that the defendant so far exceeded the bounds of fair comment and legitimate argument that the court was justified in setting aside the verdict. Twice during the defendant's argument, the plaintiff asked the court to note that the defendant was mentioning insurance. The court, however, neglected to admon-

ish counsel as he repeatedly carried on his prejudicial denunciation of the plaintiff's motives and conduct. *Miller* v. *Adkisson,* 112 Conn. 658, 661, 153 A. 774. This is one of the exceptional instances which warrants deviation from the general rule that the mere mention of insurance is not a sufficient reason for setting aside a jury verdict. *Furber* v. *Trowbridge,* 117 Conn. 478, 481, 169 A. 43; *Geraty* v. *Kaufman,* 115 Conn. 563, 575, 162 A. 33; *Cascella* v. *Jay James Camera Shop, Inc.,* 147 Conn. 337, 343, 160 A.2d 899.

There is no error.