JAMES SAURO, JR. *v.* ARENA COMPANY

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued April 14—decision released June 8, 1976

*John F. Droney, Jr.,* for the appellant (defendant).

*Vincent Villano,* for the appellee (plaintiff).

HOUSE, C. J. The plaintiff, James Sauro, Jr., then a minor, brought this action through his father, James Sauro, Sr., to recover damages for personal injuries which he alleged were sustained as a result of a fall on the surface of an ice-skating rink owned and operated by the defendant. The alleged basic negligence of the defendant was the maintenance of the ice in the rink in a dangerous, unsafe and hazardous condition. The defendant denied the allegations of negligence and pleaded defenses of contributory negligence and assumption of risk. The jury returned a verdict for the plaintiff and from the judgment on the verdict the

defendant appealed, assigning error in the trial court's denial of its motions to set aside the verdict and for judgment notwithstanding the verdict.

" 'The same principles are to be applied in the review of the court's action on each motion. Maltbie, Conn. App. Proc. § 208.' *Greene* v. *DiFazio,* 148 Conn. 419, 420, 171 A.2d 411. In reviewing the decision of the trial court, 'we consider the evidence in the light most favorable to the sustaining of the verdict. *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 499, 208 A.2d 748; *Kazukynas* v. *N. C. Casciano & Sons, Inc.,* 149 Conn. 1, 2, 174 A.2d 796; Maltbie, Conn. App. Proc. § 189. . . .' If the jury could reasonably have reached their conclusion the verdict must stand. *Chanosky* v. *City Building Supply Co.,* 152 Conn. 642, 643, 211 A.2d 141. 'The concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony, is a powerful argument for sustaining the action of the trial court. *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.,* 143 Conn. 468, 474, 123 A.2d 760.' Ibid.; *Trani* v. *Anchor Hocking Glass Corporation,* 142 Conn. 541, 545, 116 A.2d 167; *Zullo* v. *Zullo,* 138 Conn. 712, 715, 89 A.2d 216." *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 555, 316 A.2d 394.

The jury could reasonably have found the following facts: The defendant invited the public to skate on its indoor oval skating rink which measured approximately 150 by 75 feet. The plaintiff, then fifteen years old, at about 1 p.m. on Sunday, November 3, 1968, paid admission to the rink and began to skate. When he started skating, the ice was hard and in good condition. As the skating continued,

the condition of the ice deteriorated and it grew progressively softer so that skate blades left cuts in it and as the ice melted water began to cover the surface of the rink. At about 2:30 p.m., as was the usual procedure, the skating area was cleared of skaters. It was ordinary procedure at the time of such a break to scrape the ice with a machine, clean off the slush and water and lay a thin coat of water over the ice to freeze and create a new ice coating. This procedure was not followed on the day in question, and nothing was done to correct the condition of the ice before the skaters went back on the rink, although at least two attendants were at all times on the ice and with another employee supervised the condition and care of the rink. At approximately 3:15 p.m., one of the plaintiff's skates caught in a rut in the soft ice and he fell forward and was injured.

It was the duty of the defendant to use reasonable care to keep the rink in a reasonably safe condition. If it failed in that duty and had actual or constructive notice of the hazardous and unsafe condition and failed to take reasonably necessary steps to remedy it, the defendant would be liable for damages to a plaintiff who was injured as a result and who was himself in the exercise of due care. See, e.g., *McCrorey* v. *Heilpern,* 170 Conn. 220, 221, 365 A.2d 1057; *Pollack* v. *Gampel,* 163 Conn. 462, 468, 313 A.2d 73; *Kirby* v. *Zlotnick,* 160 Conn. 341, 344, 278 A.2d 822; *Monahan* v. *Montgomery,* 153 Conn. 386, 390, 216 A.2d 824; *Long* v. *Savin Rock Amusement Co.,* 141 Conn. 150, 152–53, 104 A.2d 221.

Although there was no evidence that the defendant had actual notice of the existence of the particular rut or hole in the ice which caused the plain-

tiff's fall, there can be no question that the jury could reasonably find that it had constructive, if not actual, notice of the existing dangerous and unsafe condition of the ice on its rink and that it was negligent in permitting the existence of this hazardous condition which was the negligence alleged in the plaintiff's complaint. This alleged condition was the defect in issue and was not a condition naturally productive of a dangerous condition, as claimed by the defendant. See *Hennessey* v. *Hennessey*, 145 Conn. 211, 140 A.2d 473. "The controlling question in deciding whether the defendant had constructive notice of the defective condition is whether the condition had existed for such a length of time that the defendant's employees should, in the exercise of due care, have discovered it in time to have remedied it. *Morris* v. *King Cole Stores, Inc.,* 132 Conn. 489, 492, 45 A.2d 710." *Long* v. *Savin Rock Amusement Co.,* supra, 153; *McCrorey* v. *Heilpern,* supra. "What constitutes a reasonable length of time within which the defendant should have learned of the defect, how that knowledge should have been acquired, and the time within which, thereafter, the defect should have been remedied are matters to be determined in the light of the particular circumstances of each case. The nature of the business and the location of the defective condition would be factors in this determination. To a considerable degree, each case must be decided on its own circumstances. *Morris* v. *King Cole Stores, Inc.,* supra, 494." *Long* v. *Savin Rock Amusement Co.,* supra. The very nature of the business of operating an ice-skating rink requires reasonable care to maintain a skating surface as reasonably safe as the nature of the operation permits.

On the evidence before them, the jury could reasonably and logically find that the defendant was negligent as alleged and that this negligence caused the plaintiff's injuries. The defendant has not briefed any claim of error predicated upon his pleaded defenses of assumption of risk or contributory negligence. We find no error in the rulings of the court denying the motions of the defendant to set aside the verdict or for judgment notwithstanding the verdict.

There is no error.

In this opinion the other judges concurred.