[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On January 22, 1987, the plaintiff, a student at the University of Connecticut, at Storrs, came to the campus at approximately 9:00 a.m. to register for the Spring semester. She was twenty-five years of age at that time.
It was a clear, cold day, the temperature being below freezing when she drove her truck into the student parking lot near the registration building.
It is at this point that the parties are at variance as to the facts, but from the more probative and credible evidence adduced at trial, the court finds the following to have been proven.
The parking lot on that day was extremely slippery from compacted snow and ice covering its surface. There was no sand or salt on that surface.
The plaintiff, on returning from registration at about 10:00 a.m., was wearing flat rubber sole snow boots when she fell on ice near her parked truck.
The last snowstorm prior to the plaintiff's fall occurred on January 19th. The temperature between that snowstorm and the time of the plaintiff's fall never rose above the freezing mark. (Defendant's Exhibit 2).
The plaintiff suffered a severe sprain to her left ankle, necessitating that her left foot be placed in a cast up to her knee. The cast was changed on several occasions, but I was worn for several months after the accident.
The plaintiff was treated by Doctors Vildozola and Schneider and she was later examined by Dr. Turco in 1989. She also received physical therapy from Connecticut Physical Therapy/Sports Medicine. Dr. Turco rated the plaintiff's permanent disability as 10% of her left ankle.
She has difficulty at the present time with the ankle swelling and causing pain, especially in weather changes. She also has difficulty walking on uneven surfaces and cannot run without difficulty. CT Page 8924
The court finds her reasonable medical expenses to be $2,330.55 and a loss of earnings of $40.00.
LAW
The plaintiff has received permission to sue the State of Connecticut pursuant to General Statutes 4-160.
She has alleged in her complaint, negligence on the part of the defendant in failing to keep the premises safe by reason of its failure to inspect, and its failure to place sand or salt on the ice and snow. The defendant has alleged contributory negligence on her part in failing to observe the alleged conditions while walking. Further, the defendant alleges the plaintiff had assumed the risk of falling under those circumstances.
This second special defense of assumption of risk has specifically been abolished by General Statutes 52-572h passed in 1973.
The plaintiff was a business invitee of the defendant and thus was entitled to a duty of reasonable care from the defendant to keep the parking lot in a reasonably safe condition. If it failed in that duty and had actual or constructive notice of the hazardous and unsafe condition and failed to remedy it, it would be liable to the plaintiff. Sauro v. Arena Co., 171 Conn. 168, 170 (1976).
CONCLUSION
This court must inevitably conclude that the plaintiff has shown by a fair preponderance of the evidence that the defendant was negligent in allowing snow and ice to accumulate and remain unsanded or unsalted in the area of the plaintiff's fall which snow and ice was present at the time of her fall and which snow and ice caused her to fall.
Furthermore, inasmuch as this snow and ice was from the snowstorm of January 19, 1987, it had remained there for a sufficient period of time to give the defendant constructive notice of its presence. This is especially so inasmuch as the defendant's superintendent acknowledged an inspection policy over this area was in effect during that period. This court finds that such inspections, if made, were not prudently done I because the hazardous condition was never observed or reported or corrected.
This court also concludes that the defendant has failed to sustain its burden of proof of contributory negligence. CT Page 8925
The court finds the defendant is therefore liable to the plaintiff for the damages she sustained.
In view of her special damages, the pain and suffering she has incurred until the time of trial and the permanent inquiry to her ankle of 10% found by Dr. Turco, this court is of the opinion that fair, just, and reasonable damages to the plaintiff is the sum of $25,000.
The following fees for expert testimony are allowed:
Dr. Loren Schneider $475.00
Dr. Vincent Turco $475.00
Judgment may enter accordingly.
FREED, J.